UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC,                                           :
:   Case No. 1:24-cv-03064-AMD-CLP
                              Plaintiff,                          :
:
            vs.                                                   :
:
JOHN DOE subscriber assigned IP address                           :
24.228.200.32,                                                    :
:
                              Defendant.                          :
------------------------------------------------------------------X

### ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Plaintiff Strike 3 Holdings, LLC commenced this copyright infringement action against a John Doe defendant, presently only known by their Internet Protocol ("IP") address. Plaintiff seeks leave to serve a third-party subpoena prior to holding a Rule 26(f) conference. Specifically, plaintiff seeks permission to serve a Rule 45 subpoena on Optimum Online, the non-party Internet Service Provider ("ISP"), which is alleged to have assigned the IP address to the defendant in this case, so that plaintiff may ascertain defendant's identity.

The motion to serve a limited discovery request to Optimum Online prior to a Rule 26(f) conference is granted, subject to the conditions set forth in this Order. *See generally In re Strike 3 Holdings, LLC*, No. 22-4596, 2023 WL 2652268 (E.D.N.Y. Mar. 27, 2023). Accordingly:

**IT IS ORDERED** that plaintiff Strike 3 Holdings, LLC may serve a subpoena in compliance with Rule 45 of the Federal Rules of Civil Procedure on Optimum Online, to obtain **only** the name and address of the internet subscriber associated with the IP address specifically identified in the Complaint. The subpoena shall attach a copy of the Complaint and a copy of this Order; and

**IT IS FURTHER ORDERED** that, upon receiving the subpoena, Optimum Online shall take reasonable steps to preserve information responsive to the subpoena until such information is produced to plaintiff or the Court finally resolves any motion related to the subpoena; and

**IT IS FURTHER ORDERED** that, upon receiving a subpoena, Optimum Online shall use reasonable efforts to identify the internet subscriber associated with the referenced IP address, but shall not immediately disclose such information to plaintiff. Instead, within sixty (60) days of receiving a subpoena, Optimum Online shall serve a copy thereof, together with a copy of this Order, upon the subscriber whose information it determines is responsive to the subpoena. This measure is appropriate to place the subscriber on fair notice of plaintiff's efforts to obtain their identifying information, and their right to contest the subpoenas or to litigate them anonymously. Service by Optimum Online upon the Doe defendant may be made using any reasonable means, including written notice sent to the defendant's last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that Optimum Online shall file a proof of service on the docket in this case within 10 days of mailing the documents to the subscriber associated with the relevant IP address. Optimum Online shall redact the name and address of the subscriber associated with the relevant IP address from the proof of service filed on the public docket. The unredacted copy of such proof of service shall be filed *ex parte* under seal with access only to Optimum Online and the Court; and

**IT IS FURTHER ORDERED** that the Doe defendant who receives a copy of a subpoena and this Order will have a period of sixty (60) days to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. **Optimum Online may not disclose the Doe defendant's identifying information to the plaintiff, or its employees or agents, at any time before the expiration of this 60-day period.** Additionally, if the Doe defendant or Optimum Online files a motion to quash a subpoena, Optimum Online **may not** turn over any information to plaintiff, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing Optimum Online to produce the requested information. In the event the Doe defendant moves to quash or modify a subpoena, or the Doe defendant moves to proceed anonymously, the defendant shall at the same time as their filing also notify Optimum Online so that it is on notice not to release the Doe defendant's contact information to plaintiff, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that if the 60-day period within which the Doe defendant may contest or otherwise move with respect to a subpoena lapses without such action, Optimum Online will have a period of fourteen (14) days to produce the information responsive to the subpoena to plaintiff or to file its own motion to quash if it so chooses; and

**IT IS FURTHER ORDERED** that Optimum Online shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested therein. If Optimum Online elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3; and

2

**IT IS FURTHER ORDERED** that any information disclosed to plaintiff in response to a subpoena authorized by this Order may be used by plaintiff solely for the purpose of prosecuting the aforementioned case, unless the Court enters an Order authorizing further use of such information; and

**IT IS FURTHER ORDERED** that plaintiff may not initiate settlement discussions, or attempt to contact defendant prior to service of the Complaint, without leave of the Court. If defendant initiates such discussions, plaintiff is permitted to participate therein and to settle the case; and

**IT IS FURTHER ORDERED** that, until such further Order of the Court, this case shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the subpoena; and

**IT IS FURTHER ORDERED** that plaintiff's time to serve the Doe defendant pursuant to Fed. R. Civ. P. 4(m) is extended to thirty days after plaintiff receives the production from Optimum Online of the Doe defendant's identifying information.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
\_\_\_June 25\_\_\_, 20\_24

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York