# The Atkin Firm, LLC

Attorney at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
---
* Member of NJ, NY, and PA Bar

Tel: (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

March 5, 2025

The Honorable Cheryl L. Pollak, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

**Re:** *1:24-cv-03064-AMD-CLP, Plaintiff's Third Letter Motion for Extension of Time Within Which to Effectuate Service on John Doe Defendant*

Judge Pollak:

As you know, I represent Plaintiff in the above-captioned matter. Plaintiff respectfully requests an order extending the time within which to serve Defendant with a summons and Complaint. This is Plaintiff's third request for an extension of time within which to effectuate service of process.

On April 24, 2024, Plaintiff filed the instant case against Defendant John Doe subscriber assigned IP address 24.228.200.32 ("Defendant"), alleging Defendant infringed thirty of Plaintiff's works through the BitTorrent protocol. D.E. 1.  Because Defendant was only known to Plaintiff by Defendant's IP address, on May 1, 2024, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion") in order to serve a third-party subpoena on Defendant's ISP. D.E. 7.

On June 25, 2024, the Court granted Plaintiff leave to serve a third-party subpoena on Defendant's ISP to obtain the Defendant's identifying information and further granted extension of the service deadline to a date thirty-days after Plaintiff received the ISP's subpoena response. D.E. 8. On November 6, 2025, Plaintiff received the subpoena response (making the service deadline December 5, 2025).

On December 5, 2024, Plaintiff filed a motion seeking leave to file amended pleadings as *ex parte* documents, on a provisional basis, which included a request to extend the service deadline

The Honorable Cheryl L. Pollak
March 5, 2025

an additional 60-days, to March 5, 2025. D.E. 11. On February 4, 2025, the Court granted that motion, D.E. 12, and Plaintiff filed its First Amended Complaint on that same date. D.E. 13, 14.

On February 6, 2025, the Clerk of the Court issued an *ex parte* summons (and emailed a copy to Plaintiff's counsel). D.E. 15. On that same date, Plaintiff placed the Summons, First Amended Complaint, and a copy of the February 4, 2025 Order [D.E. 12] with a process server, Guaranteed Subpoena Service, Inc. ("GSS") and requested "rush" service be effected.

On February 13, 2025, GSS reported that a service attempt on February 12th was unsuccessful because an individual who identified themselves by their last name only (and did not match Defendant's name) indicated, through an intercom at the service address, that Defendant was "unknown."

Plaintiff subsequently reviewed publicly available resources and could find no record showing that an individual with the last name provided by that person resided at the service address. On February 13, 2025, Plaintiff also requested that the Spartan Detective Agency ("Spartan") perform a skip trace for Defendant. On February 24, 2025, Spartan reported the skip trace indicated that Defendant still resided at the service address.

On February 24, 2025, Plaintiff requested that GSS perform a second round of service attempts (and provided GSS with a photograph of Defendant). As of the date of this filing, GSS has not yet reported whether the second round of service attempts was successful.

Accordingly, Plaintiff respectfully requests that the time within which it must effectuate service of a summons and First Amended Complaint on Defendant be extended an additional sixty (60) days, to **May 4, 2025**. In the event GSS has not already effected service of process, this extension should allow Plaintiff to determine whether to request further services from Spartan (such as DMV and postal forwarding searches), or whether Plaintiff has performed sufficient due diligence to resort to affix-and-mail service, as provided by Fed. R. Civ. P 4(e) and N.Y. CPLR § 308(4).

Thank you for your attention to this matter.

Respectfully Submitted,

*/s/ John C. Atkin*

John C. Atkin, Esq.